The next case and final case on the call this morning is number 105905, Michael Applebaum, Special Administrative versus Rush University Medical Center. Mr. Applebaum. Good morning, Justices. May it please the Court. Counsel. Michael Applebaum representing Appellant Plaintiff Michael Applebaum. The certified question before this Court concerns the Nullity Rule, not Supreme Court Rule 756. I hope to discuss this morning four bases and four public policy reasons for a decision in favor of Plaintiff. I am not abandoning other points for which Plaintiff stands on the briefs. The Nullity Rule applies to unlicensed persons. Both the rules of professional conduct and ARDC's duties apply only to state licensed attorneys. Inactive status attorneys are subject to ARDC and the rules of professional conduct. The record is clear that ARDC asserted this authority over Plaintiff, investigated this matter, and took no action. It is logically impossible for Plaintiff to be subject to ARDC, its oversight as a state licensed attorney, and at the very same time, as defendants contend, be an unlicensed individual for the Nullity Rule to apply. On the official website of Illinois courts, the public is informed, quote, the clerk's office maintains the role of attorneys licensed to practice in this state, end quote. Inactive status attorneys remain listed thereon. Plaintiff was listed thereon when the underlying action was filed. A license to practice law can only be revoked by this court. Plaintiff's license has never been revoked. In the record, for example, at pages 72 and 190, defendants admit to Plaintiff being licensed. An alleged registration fee shortfall is defendant's sole claim to support their argument. They repeatedly state that payment of additional money would have obviated this matter. The Nullity Rule does not deal with money. It deals with qualifications and fitness. A person who is never qualified to practice law causes it to be invoked. It is not invoked when the facts of the case do not implicate it. By fulfilling the regulations for the study of law which govern the admission of applicants to the State Bar, one qualifies to practice law. Plaintiff is a member of the State Bar since 1988 and has been in good standing. No amount of money can buy the fitness and qualifications to practice law. No amount of money can take them away. A fact situation based solely on money cannot invoke the Nullity Rule. Until the first district's ruling, the Nullity Rule had never been applied to a licensed Illinois attorney despite apparent opportunities to apply it according to defendant's logic. For example, in Brigham, which involved the more extreme example of a practicing attorney who had been removed from the master role for failure to pay fees. Or in the, quote, many cases in which an attorney is not legitimately entitled to practice law because he or she failed to pay the requisite fees. And that's a quote from the decision at the appellate level of Brigham. Defendant's logic about fee shortfalls leads to an absurd outcome. It opens all those cases alluded to, and any since, to collateral attack. When the goals of protecting the public and ensuring the integrity of the court system are not implicated by the facts, the Nullity Rule is not invoked, and these goals could not be implicated in this case. In a wrongful death action, the real party in interest is the next of kin as beneficiary. Neither the estate nor the administrator has interest in or right to any judgment. Here, plaintiff is the special administrator, sole beneficiary, attorney, and the only party in interest. There is no public to protect, and there is no client in this case but for the plaintiff himself. Radcliffe held that a licensed attorney can represent the legal interest of a decedent's estate pro se. Nor is it possible for the courts to be at risk. A purpose of the Nullity Rule is to protect the court itself and the administration of its proceedings from those lacking requisite skills. With no additional skills testing, inactive status attorneys are immediately returned to active status. Upon payment of a fee, which this court has already held, is not for the protection of the public. Defendant's argument leads to the absurd conclusion that this court is providing law licenses to unqualified persons. Attorneys, while on inactive status, are encouraged to practice law pro bono. It is logically unreasonable to conclude, as defendants have on page 16 of their brief to this court, that the court requires protection from inactive status attorneys, yet encourages them to practice. We are told by this court that words and phrases should not be construed in isolation. Defendants use the word unauthorized in isolation, which confuses the matter, muddles Rule 756 with the Nullity Rule, and leads to absurd and unjust conclusions. Equating the unauthorized of the Nullity Rule with the unauthorized of Rule 756 results in the absurd conclusion that persons admitted to practice by this court are no different from mountebanks, imposters, charlatans, incompetents, and laypersons. Unauthorized practice of law according to the Nullity Rule is committed by unlicensed persons, that's to say those unqualified to practice law, who present the risks contemplated by the Nullity Rule. Unauthorized practice of the law according to Rule 756 can only occur when an attorney removed from the master role practices law or holds himself or herself out as being authorized to practice law. The individual in that case is a qualified attorney who can represent others without presenting those risks that have been contemplated by the Nullity Rule, as demonstrated in Brigham, and is reinstated upon payment of fees and a prescribed penalty. Plaintiff has never been removed from the master role, and there is no client but for plaintiff. Though defendants claim to advocate plain meaning of words and phrases, they clearly fail to do so with the phrases master role of attorneys, attorney registration and disciplinary commission, and clerk's office maintains the role of attorneys licensed to practice in the state by claiming repeatedly that plaintiff is unlicensed or a non-attorney or a layperson. Unless the court has any questions on these points, I'll proceed to discuss just four of the policy implications that would be raised by a decision against plaintiff. You had indicated that all you had to do to change from inactive status, a lawyer, would be pay a fee and then become an active or be on the active status rules. Does the adoption by this court of the MCLE rules and the requirement for making up of MCLE credits change your argument in any respect? No, Your Honor, because fulfillment of the MCLE requirements, first off, were not in play when this matter arose in 2005. But second of all, somebody who transitions from inactive to active status has 24 months in which to complete the MCLE requirements, but his status or her status is changed to active immediately upon the payment of a fee differential. So it would not change my argument, Your Honor. Ruling in favor of defendants will erode general confidence of the public in the fair administration of justice and competence of counsel. Equating inactive status attorneys with mountebanks, laypersons, and the such will be cold comfort to Illinois citizens. Attorneys while on inactive status remain encouraged by this court to actively engage in the practice of law to meet the vast, unmet, and burgeoning needs of persons of limited means. Illinois' most vulnerable and others will find it hard to place public trust in a system that foists these types of persons upon them. The court's admonition that avoiding a proceeding ab initio should only be done when no other alternative is possible is not an idle consideration. Announcement by this court that the alleged failure of a qualified licensed attorney to pay an appropriate fee results in the application of the nullity rule might give new hope to disappointed litigants and undermine confidence in the finality of judgments. Such a void judgment may be attacked at any time, years, or even decades later. Defendants in this matter waited a full six months, though the exact number is unpredictable. The Second District in Brigham acknowledged that there were, quote, many cases in which an attorney is not legitimately entitled to practice law because he or she failed to pay the requisite fees, end quote. Foreseeably, there are many who would be interested in having ARDC open its books on the chance to get back or have another shot at awards of six, seven, or eight figures, or even to regain their reputation, for example, in the domain of medical malpractice alone. Powerful and wealthy medical centers, especially those perhaps that are self-insured, would want to get their money back. Wealthy insurance companies would want to get their money back. Law firms and individual lawyers may promote this as a marketing tool or a way to generate fees. Law firms and individual lawyers may consider it their duty to inform current and past clients of this new opportunity. And individual practitioners who have been listed in the National Practitioner Data Bank, those people from the sick care industry who have had judgments against them, might want to try to get their reputations back by having these cases voided. An extension of all this is the real absurdity. That a fee shortfall in a criminal context, as in Brigham, has no real effect in terms of voiding that outcome. But if an attorney practices with a mixed caseload of civil and criminal cases, that suggests, if you hold in favor of defendants, that some of those cases are going to be void and other cases will not, and that would be an absurd outcome, Your Honors. Counsel, is there any significance or should it play into our analysis at all that this was filed saying attorney at law, then amended to say pro se, and then later active status was regained? Is that a red herring or irrelevant? Well, it's actually incorrect. It's incorrect, Your Honor. It was filed attorney for plaintiff. Attorney at law is what the appellate court wrote. I can't address that. If you look at page 71 of the record, you'll see that the defendants know it was filed pro se. I can't address the appellate court. Sorry. Finding for defendants would place this state in a shocking position on the one hand, having to explain to the parents of a criminal defendant that their child received adequate representation from an attorney not privileged to practice because a fee allegedly had not been paid, while on the other hand having to explain to the same parents that this very same attorney is too great a danger to litigants in the courts to help in a civil suit involving that same child. If defendants prevail, a law student's representation under Rule 711 is less dangerous to the public and the courts than a licensed attorney's. The nullity rule reaches persons. This course disciplinary rules and supervision cannot. Unlicensed persons. Its sanction is avoidance and was never designed or intended as discipline for attorneys admitted to practice by this court. Order should be characterized as void when no other alternative is possible, and in the event of a Supreme Court rule infraction by any licensed attorney, there is an alternative. That is the comprehensive scheme to regulate attorneys and discipline them for misconduct created by this court, which is the ARDC mechanism. The nullity rule by definition is outside this comprehensive scheme for licensed attorneys and removes them from beneath it. So, Your Honors, for the reasons we've discussed and those in the briefs we've submitted, fairness demands and the law requires a ruling on behalf of plaintiff. And in answer to the certified question, the negative. This will lead to fair and reasonable results in future cases. Thank you. Just one question that you really need not answer, but this is such an unusual situation. You are a party, and I would like to ask, were you aware when you filed that you would not be acting in a pro se capacity since you were already actually representing the estate? You need not answer because you, as an attorney, it's a fair question. But as a participant, I don't know if it is. Ask what your thoughts were at the time. I'm happy to answer any question you ask. Before this case was filed, it's in the record, I was in communication with ARDC. It was my understanding that I was doing nothing inappropriate. There's been no claim of impropriety. There's been no claim of fraud. There's been no claim of prejudice in any of the matters so far in this litigation. The next question is one that I do need an answer to. Are you related in any way to the people who own Arrow Messenger Service? Not that I know of, Your Honor, but if I'm in for a windfall. Thank you. Thank you. Good morning, Your Honors. May it please the Court, Counsel. My name is Diane Jennings and I will be speaking on behalf of defendants. Although I represent the Rush defendants, all of the defendants who have been served in the case have joined in and they will be standing on my argument today, rightly or wrongly. I think the first question that comes to my mind is we're not interpreting this rule for purposes of this case alone. You're interpreting this rule, you are interpreting it, you're telling the entire bar what this rule means. And I would submit to Your Honors, if a rule that says you're not eligible to practice law, you're not entitled to practice law, you may not hold yourself out as authorized to practice law, if that doesn't mean you're not authorized to practice law, then it means nothing. It means nothing. If truly all you have to do is pay a few more bucks, what's the point of the rule? I suggest that there is a point to this rule. That when the Court enacted this rule, it was with the recognition that someone who is not actively practicing law is not the best choice to go in and start practicing for the first time. And if someone is not actively practicing law, then they can register as not actively. And this encourages people to acknowledge, I'm not actively practicing law. But you have said, if you're not, then don't. You can't. We don't authorize you to do so. And yes, his name is on the master rule. But if you look at the rule governing the master rule, it too says, and if you're on the master rule as inactive status, you can't practice law. Period. And what was Plankton doing? He was practicing law. Now this, he said, well, I, in effect, in this case. Ms. Jennings? Yes. 205-1 of the Attorney Act, you said that only those who hold a license to practice law may do so. Those holding a license from this state, from this court, for that purpose. Well, actually, 205-1 provides that, quote, no person shall be permitted to practice as an attorney or counselor of law within the state without having previously obtained a license for that purpose from the Supreme Court. Yes, you have to be licensed for that purpose before you practice law. Plankton obtained a license in 1988, right? Which he then came to Your Honors and said, I haven't been using this license. I don't intend to use this license. Please put me down as inactive. And you said, fine, you're inactive. You don't want to practice law. Then we don't authorize you to do so. So. If that were the case of someone who has been disbarred. Whoa, whoa, whoa, whoa. Yeah. I'm not done yet here. Count Mr. Applebaum made some reference to the fact that it really doesn't make sense here in a number of circumstances. And one that came to mind to me, and I'd just like to address it, is in 2005, an attorney that paid the full fee, you would have no problem with, in 2005, an attorney that paid the full fee, that attorney would have been allowed to file the instant suit, no question, right? If he had reinstated. He had paid the full fee all along, not reinstated. Okay, yes. Even if he hadn't practiced law for 20 years. Absolutely. And paid the full fee, he would have been entitled to come into this case. So I think that's part of Mr. Applebaum. I don't know that he used that example, but I don't think he did. But I think that's part of the rationale here. Does that make any sense? Does that make any sense that someone who hasn't practiced law for 20 years and merely had paid a fee can come into a case, but in this particular situation, someone who was on inactive status, but more up to date on the law, how do you address just the whole policy nature of it? Your Honor, I think that at this point what we have to decide is what this rule means. I mean, if that's true, then why even bother to have it? It's meaningless. I think that, yes, he could have. I think that this rule was enacted to encourage those who are not actively practicing to come forward and put themselves before the public and make it known that they are on inactive status. But, Ms. Jennings, doesn't that just mean a payment of a fee again? We're just thinking about is this form over substance? I don't think it is, Your Honor, because it is for this court to decide what has to be done in order to be reinstated. I think that as time goes on, and I think the MCLE rules are a perfect example, the court had decided, well, okay, it's not just paying the fee. We want to see or we want to make sure that they are qualified. So that now somebody comes in and says, I want to come back in. You say, okay, your MCLE requirement can be doubled or tripled for that next reporting period. But they have 24 months in which to do that, so they can practice law for two years up until that time. Well, yes. I mean, is that a flaw in the way that things are set up right now? I don't know. I mean, that's for the court to decide. The other question I had was the penalty for someone like Mr. Applebaum. Isn't it kind of harsh to dismiss a case? Perhaps he might be subject, as he said, to ARD discipline when he became, you know, even if he was inactive, he could be subject to ARD discipline. But what about the matter for the litigants? Well, Your Honor, that's where the idea of should there be exceptions to the rule comes in. If there is a litigant who is the innocent party, I mean, it's not harsh if you know the consequences. I mean, if Mr. Applebaum, Dr. Applebaum, I'm sorry, if Dr. Applebaum was told when he went on inactive status, you can't practice law, don't practice law, you're not authorized to practice law, and he practices law, why is it harsh for him to suffer the consequences? Now, if there were a separate or additional plaintiffs in the case or persons of interest, for example, if Mr. or Dr. Applebaum was representing the estate of a descendant he wasn't related to and there were other people, or if he had brothers and sisters who didn't realize that he was not authorized to practice law and they would have a benefit in it, should they suffer because of what he did? And the answer that the courts have said is no, unless they knew or had reason to know. And that's the Fruin case, the First District's Fruin case. So you're suggesting two penalties for those who file complaints on behalf of their own family members or themselves versus to a third party? Not really, because... Well, you're suggesting that the case be dismissed for Applebaum, but not if he was representing a third party. Well, I think that's what the court, if not dismissed, I think that what the courts have made of exception, like Fruin have said, is that we're not going to enforce the statute of limitations. We're going to let this case go on as to those innocent parties, because they are the victims. Here, Dr. Applebaum has said, you are the only victim. Well, I will submit, Your Honors, if you've brought the situation about yourself, you're not a victim. You are the perpetrator. Now, as it happens in this case, dismissal, and this case hasn't been dismissed yet. All that this case is about is, as a legal matter, if you come in after you've taken inactive status and practiced law, are you authorized to do so? Do you have a license that authorizes you to practice law? Are you authorized for that purpose? And I would say you're not, because this court has said you're not. The master rule says you're not. Now, should it be dismissed? Why, Ms. Jennings, in this particular case, I think you're in error. Somewhere in your brief, you talk about that the ARDC would have no control over lawyers on inactive status. I don't know what authority you have to say that and why the ARDC would not have any type of oversight over inactive status attorneys. And if, indeed, they do have authority over lawyers in inactive status, in this particular case, why shouldn't that be the proper forum rather than dismissing a complaint that, in Mr. Applebaum's sense, only affects him and the estate? I mean, why would the better course not being if there has been some violation going back to the filing of that complaint? Because as I understand the facts here, Mr. Applebaum did, indeed, go on active status prior to the motion to dismiss being heard, right? Right. After we moved to dismiss and he looked at the case law, then he did. If there was some violation where he filed the complaint, why isn't that better handled by the ARDC rather than? Well, in other words, lawyers are treated better than non-lawyers. No, I don't think that's the case. I think that is the case, Your Honor. Well, let me, you know, so we can all participate here. Sure. If someone, and I'm jogging my memory, I mean, it goes back quite a ways, but I did spend six years in the trial court, and if someone comes in and is the sole proprietor or a closed family corporation, for example, and comes in with a lawsuit and signs their name on it, well, you can come in pro se, but you can't represent a corporation whether it's your corporation or not, your family-owned corporation or not. Well, I don't think in those particular cases, you know, they get an attorney and they come back into, you know, they say, hey, you're going to need an attorney, you can't represent yourself. I mean, they're not treated any worse than Mr. Applebaum would have been treated here. Well, I don't think that's the case. Suppose that somebody comes in, an LA person, let's say with this estate, and he's licensed, the attorney is, he has a valid license, but it's a license to practice in Wisconsin. Do we inquire into his, you know, is he, you know, is he competent before we say, you can't practice law here? That's not, you can't practice law here. So why would we treat an Illinois citizen differently from somebody from Wisconsin who has a valid license to practice in Wisconsin? And have him come into this court to practice and you say, you can't practice here and you can't file a suit here. In any suit you file is a nullity. And that's what we say. That's what the court law, what the case law says. But isn't that because he's not licensed in Illinois? A plaintiff is not, does not have a license entitling him to practice law. I believe that the wording of the statute is that you must be previously licensed for that purpose. And he is not licensed for that purpose if this court has said to him, you are licensed, but you may not practice law. You may not hold yourself out as authorized to practice law. Don't do it. So you're equating that with unlicensed? I am, because he has voluntarily given up the right that that original license gave him. He has come in and said, your honors, I no longer wish to exercise that right. Now, you keep saying, well, he could have come in and paid. Yes, he could have done that at any time before he filed the suit. If your honors will recall, he took inactive status almost a year before he filed this suit. Ample time. To have come to the court and said, changed my mind. It's only been nine months, ten months. Now I want to go back on active status. Would you have said fine? Probably. But to now say, oh, we could have done that, so let's pretend we did. Why is plaintiff or any other inactive status attorney entitled to do that? And is that the precedent that this court wants to set? Yeah, go ahead and practice law. But a lawyer on inactive status doesn't lack a license. They don't have, and to regain their ability to practice law, they don't have to prove to us by retaking the bar exam or any other kind of competency testing. And apart from MCLE requirements now, but they don't have to do that in order to redeem their ability to practice law. Isn't that correct? That's correct, although at this point, your honors. So isn't this a different category? In other words, there are attorneys that practice, that are in good standing, that are in active practice of law. There are unlicensed attorneys of varying varieties and kinds. And this is a different, this is a bird of a different color. It's a lawyer who's inactive, but he's not unlicensed. He's just not actively practicing. Well, I believe the statute is that previously licensed, you may not practice law unless previously licensed for that purpose. Now, is an inactive status attorney licensed for the purpose of practicing law? Well, isn't it a matter of whether he's subject to discipline by this court for some conduct, or isn't it, I mean, the concerns that are implicated when you have an unlicensed attorney are entirely different than when you have a lawyer who is licensed, but may have stubbed his or her toe in some regard to the rules. Isn't that true? No. Not necessarily. If you're talking about someone who is either voluntarily or involuntarily no longer allowed to practice law. So if anybody's, if someone has neglected to file their registration fee, and they are, you know, they're taken from that student. They can't go in and file a student. They can't go in and ask as an attorney. I don't understand your statutory instruction of 5-1. You're going to have to convince me. Just one, I know. One of my cards on the table here. No person shall be permitted to practice as an attorney or counselor at law within this state without having previously obtained a license for the purpose, for that purpose, from the Supreme Court of this state. Yes. I'm sure Mr. Applebaum somewhere in some office somewhere has a license that is framed in a hat. Right. Or in a closet. I have no idea where it is. But he has a license. When he goes on inactive status, it's for the purpose of practicing law. When he goes on inactive status and comes off of inactive status, he doesn't have to, as Justice Garmon said, go get a new license. He has that license. He's been licensed to practice law and chooses for a period of time not to. So explain for that person your purpose. Because to me, the meaning of the word previously means before you start practicing. In this case, if he had come in and resumed active status, then he would, before he started, previously in starting practice, he would have been licensed to practice. But once he went on inactive status, and this Court said, could proclaim you can't practice, then he is no longer previously licensed to practice. Then the coming off of inactive status would be a larger hurdle than it is, than just paying a fee and coming off of inactive status. Well, perhaps it should be, and I think now it is, when the Court has provided with MCLE that you not only have to complete the current years, but you may have to complete up to three times the current years, depending on how long you've been on inactive status. To affirm this case, could that not have some implications that may not be intended? For instance, there are many attorneys who have been suspended, who have been disbarred, and irrespective of that, they continue to practice, and they're brought back in again. All of the criminal defendants that they represented during that period, and even in civil cases, would they not be in a position then to claim that they had no representation and they should be retried, all the criminal defendants, without any limitation in time? No, for this reason. Because the courts have, in fact, carved out many exceptions. They have carved out exceptions when they're saying, okay, the attorney wasn't licensed, and what he did is unauthorized. But we're not going to punish the innocent plaintiff for that. We're going to let them go ahead with their case as long as they bring in counsel. Let's talk about the defendant in a criminal case. The defendant in a criminal case, under the Sixth Amendment, which is what all those cases deal with, the courts have said Sixth Amendment doesn't mean licensed by the local bar. Counsel means you have to actually look at, are they in fact competent? I would suggest to your honors that a rule that says we're going to let you do it unless you're incompetent means you have to in every single case. And I sincerely doubt that there are a whole lot of cases out there where lawyers on inactive status are out there clandestinely practicing law. That could be, who knows. Now I've lost my train of thought. The penalty in a criminal matter for someone who is not licensed to practice because of disbarment or some other But I wanted to add to that question, Sue, so you can finish it. If they're disbarred or if they are not licensed to practice law, there is case law out there that in fact the defendant is entitled to a new trial. There is that case law. Isn't that what Justice Freeman was asking, the consequences with regard to this? Yes, if they are not licensed. You're arguing that Mr. Applebaum is really not licensed for that purpose. Right. Therefore, in those kinds of cases where someone forgot to pay the fee and is on the inactive status, even unknowingly those clients of that attorney would have the right to a new trial. Not necessarily because, as I said, because these are presumably defendants who have chosen this attorney. But the difference is that the right to effective assistance under the Sixth Amendment falls under the federal constitution. So you have to look at federal law and the definition of counsel. And what the courts have said is counsel doesn't mean licensed in the local jurisdiction. You mentioned that to perhaps solve those two potential kinds of problems, exceptions could be carved out. Wouldn't it be better to carve out an exception in this case? In this case, whether we have to be, you know, what reason should we have for this? Is it because plaintiff didn't know and should not have known that he couldn't practice law? Don't think so. At least that's what the appellate court said. You know, you say you're a licensed attorney and you say you're competent. And why don't you know the law? You've got this rule that says you can't practice. What are you doing practicing? Counsel answered my question, and I don't know whether it's of record other than here today, that he did went to an authority, the ARD. Well, Your Honor, my recollection of the record is that he went to the authority after he filed the suit. In fact, I believe that was his affidavit, that after he filed his suit is when he consulted with the ARDC. He had already committed the violation. He had already appeared as attorney. And before your motion or after your motion? Right. Before your motion or after your motion? Before, well, after we filed the motion. Before the motion was heard is when he says that, well, I'll tell you, I take it the affidavit was filed. May I ask one thing? I'm sorry. I see your time is expired. I'm hard of hearing, and I don't always respond. Is it your position, based upon what you've said, that if the plaintiff in this case didn't know that their attorney was inactive? Mm-hmm. They're okay. They're innocent. They have to come, yes, they have to come in. And so because in this case we have an attorney who's representing families of state. Yeah, and he's the only one, yeah. He's not an innocent, and we should, that should be a sanction against him as opposed to letting it go through the normal ARDC processes. Well, no, I'm saying that any, it wouldn't even have to be an attorney. It wouldn't have to be he himself. In the Fruin case, decided in the first district. Well, you're saying if they're not innocent, they get punished. The plaintiff gets punished, but if they're innocent, they do not. Is it punishment, or is it enforcing this right, this Court's authority to regulate the practice of law? And we're equating this with punishment, and it really isn't. It's the Court not punishing, but saying we get to decide who practices law and who doesn't. And if you practice law and you're not entitled to, what you have done is a nullity. You're not entitled to practice law. Now, is that fault of the plaintiff if there is a separate plaintiff? Many times it's not. For example, we have the case, oh, I'm way over my time. Many times we have the cases of, for example, somebody who hires an attorney and they're later disbarred and they don't know it. Do we say, oh, sorry, but now when you file, you're going to be barred by the statute of limitations? Any other questions? Just briefly, the impact of your motion procedurally, if it's a nullity, then this claim is barred by statute of limitations. Yes, as long as if there is no exception made to that. Now, that may be for the circuit court to decide, you know, is this a case for an exception? The appellate court didn't seem to think so under these particular circumstances simply because of the fact that there was no other party who didn't know or have reason to know that Dr. Applebaum was not entitled to practice law. If Your Honors have no further questions, I would respectfully ask that Your Honors affirm the appellate court. Thank you. Mr. Applebaum. Several things, Your Honors. First is the record will reflect that I said I was in contact with ARDC before, during the entire time of this litigation in the lower court. Counsel is conflating again the terms eligible, entitled, authorized, unauthorized. The nullity rule applies only to unlicensed persons. I frankly believe, and I think it's reasonable to believe, that if you obtain a license to practice law in 1988, that 1988 is in fact previous to, plain meaning of the words, 2005. And I believe that people who obtain licenses to practice law, obtain a license to practice law. That seems self-evident. Counsel mentioned just pay a few bucks. If you just pay a few bucks, what is the point in order to get your license changed from inactive to active status? And suggesting that cases should be nullified because of that or void. The fact is that that's been happening in the criminal sector. Brigham is an excellent example of that. And we're not voiding all those cases. We have no minimum practice requirement in the state in order to maintain our license, so people are perhaps inactive in fact when they go to law school, obtain their licenses, and then go on into other types of professions. Mr. Mappelbaum, do you believe that an inactive lawyer who's on inactive status is entitled to represent other parties or to hold themselves out to the public? Well, the rule specifically says you're not entitled to or authorized to hold yourself out. But that brings up two questions. The first is the nullity rule only applies to those who are unlicensed. That's my question. That is my question. Only to those who are unlicensed. So if your neighbor asks you to file something, because you're on inactive status you would not be precluded from doing that? There's a risk associated with that, Your Honor. There's a comprehensive scheme that this Court has put in place that should an attorney commit an infraction of those rules, he or she is going to be subject to the discipline of ARDC. It's not that the attorney did something right. It's that the nullity rule is for unlicensed individuals and the ARDC exerts its authority over state-licensed attorneys. Did I answer your question? Yes, you did. So you're saying, Mr. Mappelbaum, that it would be an ARDC complaint against you for using your license to practice law when you're in inactive status. And that's it. It's up to them. Any attorney who commits an infraction of the laws is subject to the ARDC and this Court's regulatory scheme. The other thing, well, many things, but one of the other things is that counsel is talking about state of mind as if that makes a difference. The nullity rule only relates to an unlicensed person practicing law and creating inherent risks to litigants in the Court. State of mind is irrelevant to invoking the nullity rule. The reasons why delinquent attorneys removed from the master rule fail to pay are generally not discussed by the courts. Despite the appellate court's statement, which we believe to be a misapprehension, the reasons the lawyer in Brigham failed to pay are undisclosed. State of mind may speak to the disciplinary action that the ARDC intends to take, but the nullity rule does not because it is inherent in the act. And the certified question is about the nullity rule and not Rule 756, which would be where ARDC kicks in. Once state of mind becomes a consideration, we're no longer talking about an action whose risks are inherent, which would be representation by an unlicensed person. The fact that defendants consider state of mind means that the nullity rule cannot be applied. Once an inherent act becomes modifiable, it can become justifiable, and this logic is going to swallow the entire nullity rule. So I submit that that is not an argument to enforcing the rule, but actually getting away from the rule. And I was not reinstated. Reinstatement is a specific procedure to which I was not subject. All I had to do was pay the difference in fees that ARDC informed me I owed, and I was immediately resumed to active status. And if there are no further questions, Your Honor, I've completed my rebuttal. Thank you. Marshal, case number 105905, Oppelbaum v. Rush, University Medical Center, will be taken under advisement.